UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------- X

SHAQUILLE LISLE,

                                      Plaintiff,

  -against-

Police Sergeant ALI MIRANDA, in his individual capacity;
Police Officer JELINSON MARTINEZ (Shield No. 301), in
his individual capacity,

                                   Defendants.

**COMPLAINT**

JURY TRIAL DEMANDED

Case No. 18-cv-463

------------------------------------------------------------------------------- X

      Plaintiff SHAQUILLE LISLE, by and through his attorneys, Bernstein Clarke & Moskovitz PLLC, alleges as follows:

### PRELIMINARY STATEMENT

      1.    On January 23, 2015, Defendant Ali Miranda, who was then a Police Sergeant with the New York City Police Department, ordered the false arrest of Plaintiff Shaquille Lisle. Defendant Police Officer Jelinson Martinez, who had a constitutional obligation not to follow that order, nonetheless falsely arrested Mr. Lisle. Officer Martinez then provided false allegations to the District Attorney's Office about Mr. Lisle's actions, which caused baseless criminal charges to be brought against Mr. Lisle.

      2.    As a result of the Defendants' misconduct, among other things, Mr. Lisle missed the wake and funeral of a close, lifelong friend, and was wrongfully incarcerated for more than twenty-four hours.

      3.    Mr. Lisle brings this lawsuit to vindicate his constitutional and civil rights. He seeks, among other things, compensatory damages for his injuries, and punitive damages to deter such misconduct by the Defendants in the future.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. § 1983 for violations of plaintiff's civil rights secured by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

5. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Venue is proper pursuant to 28 U.S.C. § 1391 in the Eastern District, where the events giving rise to this action took place.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action on each and every one of his claims for which jury trial is legally available.

## THE PARTIES

8. Plaintiff SHAQUILLE LISLE is a citizen of the United States and of the State of New York. At all times relevant to this complaint, he resided in the State of New York.

9. Upon information and belief, at all relevant times, defendants Police Sergeant ALI MIRANDA and Police Officer JELINSON MARTINEZ (Shield No. 301), were and are citizens of the United States and the State of New York.

10. At all relevant times, the defendants were employed by the City of New York and acted under color of law in the course and scope of their duties and authority as officers, agents, servants, and employees of the City and the New York City Police Department (hereinafter referred to as "NYPD").

11. At all relevant times, the defendants violated Plaintiff's clearly established constitutional rights, of which a reasonable law enforcement officer would have known.

**STATEMENT OF FACTS**

12. The evening of January 23, 2015, Shaquille Lisle was home at 475 East 93rd Street, Apt. 3, Brooklyn, New York 11212.

13. He was preparing to attend the wake of a lifelong friend, Isaiah Joseph, whose funeral was scheduled to take place the following day, January 24, 2015.

14. Plaintiff and his girlfriend, Crystal Ally, had a verbal argument and police officers came to their door.

15. Upon information and belief, one of the officers was Defendant Police Officer Jelinson Martinez.

16. The officers spoke with Plaintiff and Ms. Ally and left.

17. Shortly thereafter, Ms. Ally left the apartment and as she was walking out of the building, the two police officers stopped her.

18. Plaintiff became aware that the officers stopped Ms. Ally and he went downstairs to see why she was being detained.

19. Plaintiff spoke with the officers for a few minutes, who told him that they had stopped Ms. Ally because she had a folding knife.

20. Several minutes later, a Sergeant responded to the scene.

21. Upon information and belief, the Sergeant was Defendant Police Sergeant Ali Miranda.

22. Defendant Miranda asked Ms. Ally twice if Plaintiff had put his hands on her.

23. When Ms. Ally said "no" both times, Defendant Miranda said, "book her" for possession of the knife.

24. Plaintiff then asked if Ms. Ally would get a DAT and would be able to attend the wake that evening.

25. When Plaintiff asked this, Defendant Miranda said, "book him too, OGA."

26. Plaintiff had committed no criminal offense or violation.

27. Nonetheless, Defendant Martinez placed Plaintiff in handcuffs.

28. Plaintiff was transported to the 67th Precinct, where he was held for several hours until he was transported to Central Booking.

29. Plaintiff was held the following day at Central Booking and was eventually brought before a judge.

30. Plaintiff was charged with obstructing governmental administration in the second degree in violation of Penal Law § 195.05.

31. The charges against Plaintiff were based on false allegations made by Defendant Martinez to the District Attorney.

32. The false allegations included that Plaintiff had pushed another officer's hands and arms away from Ms. Ally in an effort to prevent her from being placed in handcuffs.

33. Defendant Martinez provided these false allegations and others to the District Attorney's Office, which caused Plaintiff to be held at Central Booking and charged with a criminal offense.

34. Plaintiff was finally released late in the evening, and the charges against him were eventually dismissed.

35. As a result of the foregoing, Plaintiff missed his friend's wake and funeral, and suffered the loss of his freedom, embarrassment, humiliation, fear, pain and suffering, and the violation of his constitutional rights.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – False Arrest

36. Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

37. In committing the acts and omissions complained of herein, the individual defendants acted under color of state law, individually and in concert, to deprive plaintiff of his constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to, the right to be free from unreasonable seizures, the right to be free from arrest without probable cause, the right to be free from deprivation of liberty without due process of law, and the right to be free from detention and prosecution without probable cause.

38. In committing the acts and omissions complained of herein, the individual defendants breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

39. As a direct and proximate result of the individual defendants' deprivation of plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

40. The unlawful conduct of defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 – Denial of Fair Trial

41. Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

42. In committing the acts and omissions complained of herein, the individual defendants acted under color of state law, individually and in concert, to deprive plaintiff of his

5

constitutionally protected rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, including, but not limited to, the right to a fair trial; and the right not to be deprived of liberty based on the fabrication of evidence.

43. In committing the acts and omissions complained of herein, the individual defendants breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

44. As a direct and proximate result of the individual defendants' deprivation of plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

45. The unlawful conduct of defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

**DEMAND FOR RELIEF**

**WHEREFORE**, plaintiff demands the following relief against the defendants, jointly and severally:

(a) compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b) punitive damages from the individual defendants to the extent allowable by law;

(c) attorneys' fees;

(d) the costs and disbursements of this action;

(e) interest; and

(f) such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 22, 2018

BERNSTEIN CLARKE & MOSKOVITZ PLLC
11 Park Place, Suite 914
New York, New York 10007
(212) 321-0087


By: _____
Joshua S. Moskovitz